THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GLEN THOMAS STEWART,<br><br>Defendant. | CASE NO. CR11-0120-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendant Glen Stewart's *pro se* motion for clarification (Dkt. No. 1194) regarding his motion pursuant to Federal Rule of Civil Procedure 60(b)(6) (Dkt. No. 1193), which this Court treated as a habeas petition under 28 U.S.C. § 2255. (*See Stewart v. United States*, C17-0916-JCC) (civil habeas action opened as a result of filing). Mr. Stewart indicates that he did not intend for the motion to be treated as such and asks the Court to clarify. (Dkt. No. 1194 at 1-2.)

In his motion treated as a § 2255 petition, Mr. Stewart asked the Court to vacate his judgment based on constitutional errors at his trial, including a *Brady*[1] violation and ineffective

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

assistance of counsel. (Dkt. No. 1193 at 1-2.) Mr. Stewart relied on Federal Rule of Civil Procedure 60(b)(6) in making this argument. (*Id.* at 1.) However, as the Court has already informed Mr. Stewart, this rule pertains **only** to civil cases. (*See* Dkt. No. 1170 at 1) (denying Mr. Stewart's earlier motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(d)(3)). Mr. Stewart's was a criminal case. The Federal Rules of Civil Procedure do not apply to his case. As such, Federal Rule of Civil Procedure 60 can provide him no relief.

This inability to provide relief is one of the reasons the Court construed Mr. Stewart's motion as a habeas petition. In addition, the Court relied on the fact that Mr. Stewart had expressed his intent to file a second successive habeas petition. (*See* Dkt. No. 1172.) And, the types of arguments Mr. Stewart raised—for example, constitutional errors at his trial—are properly made only on appeal or in a habeas petition, not at the district court level. Once Mr. Stewart's judgment was entered in November 2012, (Dkt. No. 901), this Court could no longer provide Mr. Stewart the type of relief he seeks.

However, Mr. Stewart now indicates that he does not wish his motion to be construed as a habeas petition and asks that the petition be withdrawn. (Dkt. No. 1194 at 2.) Because the Court errantly construed the motion as such, the requested relief (Dkt. No. 1194) is GRANTED. The Clerk is directed to TERMINATE Mr. Stewart's habeas petition (*Stewart v. United States*, C17-0916-JCC, Dkt. No. 1) and to CLOSE that civil proceeding.

The Court now turns back to Mr. Stewart's Rule 60(b)(6) motion, as he wishes it to be treated. As stated above, Federal Rule of Civil Procedure 60 does not allow the Court to provide Mr. Stewart relief from judgment, so his motion (Dkt. No. 1193) is DENIED. The Court wants to be very clear: while it is sympathetic to Mr. Stewart's plight, **this Court cannot vacate his judgment and cannot provide him the relief he seeks.** He must pursue his constitutional arguments through a habeas petition, although he will be able to do so only if the Ninth Circuit Court of Appeals grants him permission to file a second successive § 2255 petition. From the docket, it appears that the Ninth Circuit has not yet reached a decision on that issue. (*See* Dkt.

No. 1172) (motion for a second successive § 2255 petition); (Dkt. No. 1173) (order transferring that motion to the Ninth Circuit).

The Clerk is DIRECTED to send a copy of this order and a printout of the case docket to Mr. Stewart. The Clerk is further DIRECTED to post this order in *Stewart v. United States*, C17-0916-JCC, along with CLOSING that case.

DATED this 30th day of June 2017.

William M. McCool
Clerk of Court

s/Paula McNabb
Deputy Clerk